IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLINTON L. MOORMAN, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-14-3004 |
| | § | |
| HOUSTON POLICE DEPARTMENT, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND OPINION

Clinton L. Moorman, Jr., a former inmate of the Harris County Jail ("HCJ"), sued in October 2014, alleging civil rights violations resulting from a denial of due process. Moorman, proceeding *pro se*, sues the Houston Police Department ("HPD"). Moorman filed this action too late for the court to decide it. The action is therefore dismissed. The reasons are explained below.

## I.    Background

Moorman alleges that an unidentified HPD officer arrested and charged him with shoplifting. Moorman alleges that he was jailed for two months until the case was tried. He alleges that he was acquitted of the charged offense because the charging officer failed to appear in court. As a result of the illegal arrest, Moorman alleges that he lost the deposit on his apartment, his apartment furniture, his college tuition, his vehicle, his opportunity to pursue a higher education, career opportunities, and his fianceé.

Moorman also alleges that unknown individuals are conducting electronic, cyber surveillance of his every movement, that these individuals are able to steal his thoughts and dreams and have stolen physical and intellectual property. Finally, Moorman alleges that United States District Judge Nancy F. Atlas mishandled a prior case, Civil Action Number 4:13-3223, that he filed against the

same defendant based on the same events, and raising the same allegations. He alleges that she wrongfully dismissed the case based on his failure to effect service. Moorman seeks compensatory and punitive damages.

A search of Harris County court records shows that Moorman was charged with theft of $20.00 to $500.00, in Cause Number 9516612 in Harris County Criminal Court #14. The complaint was filed on April 24, 1995. He was acquitted on June 22, 1995.

## II.    Analysis

Federal courts may dismiss a claim filed *in forma pauperis* (IFP) "if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993)(quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). The statute requires dismissal if a complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). One basis for dismissal is present when "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Gartrell*, 981 F.2d at 256.

In § 1983 cases, the federal courts apply the forum state's general personal injury statute of limitations. *Burge v. Parish of St. Tammany*, 996 F.2d 786, 788 (5th Cir. 1993)(citing *Hardin v. Straub*, 490 U.S. 536, 538-39 (1989)). Although state law determines the length of time to file suit, federal law determines when that period starts to run. *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992). Under federal law, that period starts when "a cause of action accrues," which is "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Harris v. Hegmann*, 198 F.3d 153, 156-57 (5th Cir. 1999) (quoting *Burrell v. Newsome*, 883 F.2d 416, 418

(5th Cir. 1989)).  The plaintiff must be in possession of "critical facts" indicating that he has been hurt and that the defendants were responsible.  *Stewart v. Parish of Jefferson,* 951 F.2d 681, 684 (5th Cir.) *cert. denied,* 506 U.S. 820 (1992).  The plaintiff need not realize that a legal cause of action exists, but must know the facts that would support a claim.  *Piotrowski v. City of Houston,* 51 F.3d 512, 516 (5th Cir. 1995).

The Texas period of limitations for personal injury actions is two years.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon 2002).  Moorman's claims arose in 1995 and he knew critical facts about the wrongful arrest and detention injuries he alleges at that time.  Moorman did not file this suit until October 2014, almost 17 years after the deadline had passed.

The statute of limitations bars Moorman from asserting his claims, and they are dismissed under 28 U.S.C. § 1915(e).  *Ali v. Higgs,* 892 F.2d 438 (5th Cir. 1990).

The remaining allegations describing unknown persons stealing his thoughts are "fantastic or delusional scenarios."  *Harris v. Hegmann,* 198 F.3d 153, 156 (5th Cir. 1999); *see also Denton v. Hernandez,* 504 U.S. 25, 32 (1992).  Moorman does not allege any plausible basis for the claims.  Instead, this part of his complaint presents only fantastic and delusional allegations.  The claims are dismissed.

## III.   Conclusion

The action filed by Clinton L. Moorman, Jr. lacks an arguable basis in law.  His claims are dismissed with prejudice under 28 U.S.C. § 1915(e)(2).

SIGNED on May 4, 2015, at Houston, Texas.

Lee H. Rosenthal
United States District Judge